377 So.2d 869 (1979)
Mrs. Vivian KINCHEN
v.
David GILWORTH, Margaret Johnson, and Jim Woods, also known as Burl Mahl, doing business as Carousel Construction Company and Dixie Homestead & Savings Association.
No. 10468.
Court of Appeal of Louisiana, Fourth Circuit.
November 8, 1979.
*870 Plauche F. Villere, Jr., New Orleans, for plaintiff-appellant.
Kehl & Pickering, Susan Dunn and Gary A. Cotogno, New Orleans, for defendants-appellees.
Before LEMMON, GULOTTA and BEER, JJ.
LEMMON, Judge.
Plaintiff has appealed from a judgment dismissing Dixie Homestead & Savings Association from her suit for "breach of contract" on an exception of no cause of action. Although briefs by both parties suggest facts which might appropriately be presented at the trial on the merits, the determination of this appeal involving an exception of no cause of action is based solely on the facts alleged in the petition.[1]
Plaintiff's petition alleged that three individuals, operating as Carousel Construction Company, contracted with her (in a contract made part of the petition) to construct improvements to her home and arranged for financing with Dixie; that Dixie advanced funds to Carousel from an escrow account in amounts not justified by the work that had been completed; and that Dixie was liable for the cost of completing the improvements because of the advances and because of Dixie's status as joint venturer with Carousel. There is also a vague allegation that unspecified actions by the defendants constituted unconscionable practices under the Louisiana Consumer Protection Act.
In the contract attached to the petition Carousel agreed to furnish labor and materials according to specifications for a fixed price, with stage payments. Dixie was not a party to the building contract and was mentioned only oncein connection with having furnishing three smoke detectors that Carousel contracted to install.
Thus, under the building contract attached to the petition (the loan contract between Dixie and plaintiff is not attached to or mentioned in the petition) there is no basis for imposing an obligation on Dixie to inspect Carousel's work or to monitor the *871 progress of the job.[2] Moreover, the allegations of the petition indicate Dixie's only involvement in the contractual relationship between Dixie and plaintiff is that of a lender suggested by the contractor for financing the construction. As a (presumably) secured lender Dixie may have used poor business judgment in releasing funds for progress payments prior to completion of that stage of the work for which the payment was to become due, but the petition suggests no basis for a duty owed by the lender to the borrower not to release the funds when the borrower authorizes them.[3]
Furthermore, since plaintiff failed to allege in her petition any facts that would establish a joint venture between Carousel and Dixie, the petition fails to state a case of action for recovery on that basis. And since plaintiff's brief in this court does not allude to any facts that might establish such an association, there appears to be no basis for ordering an amendment pursuant to C.C.P. art. 934 to remove the grounds of the objection pleaded by the exception.
Finally, no facts are pleaded which might establish a violation of the Louisiana Consumer Protection Act. While statements in plaintiff's brief suggest some facts that might be pleaded in this regard, plaintiff also states in brief that she had pleaded violations of the act in a separate suit brought by Dixie against her (which was consolidated with the present case). There thus appears to be no useful purpose in permitting plaintiff an opportunity to amend her petition in this suit to allege violations of the act for which recovery is sought in a separate suit.
The judgment is affirmed.
Affirmed.
NOTES
[1] No evidence may be introduced to support or controvert the objection raised by the exception of no cause of action. C.C.P. art. 931.
[2] Certain cases cited by plaintiff, involving express obligations in three-party contracts, are thus inapplicable here.
[3] Apparently Dixie advanced the progress payments to plaintiff, who in turn paid Carousel (by endorsing the checks as co-payee, according to statements in plaintiff's brief). In any event plaintiff could hardly be harmed by the unauthorized release of the funds in escrow, since plaintiff would not incur any obligation for repayment, and there is no suggestion of fraud or misrepresentation in connection with the authorization for release.